SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

## State v. Kalil Cooper (A-35-22) (087742)

**Argued September 27, 2023 -- Decided March 27, 2024**

**NORIEGA, J., writing for a unanimous Court.**

In this appeal, the Court reviews defendant Kalil Cooper's conviction for promoting organized street crime, pursuant to N.J.S.A. 2C:33-30, and determines whether the statute contains within it, as a predicate offense, the crime of conspiracy to distribute a controlled dangerous substance (CDS).

Defendant was arrested following a wiretap investigation into the activities of a local gang. Defendant was individually charged with twelve separate counts, including two counts of racketeering and conspiracy to commit racketeering, in violation of N.J.S.A. 2C:41-1, and one count of promoting organized street crime in violation of N.J.S.A. 2C:33-30 (count four). The promoting count charged that defendant "purposefully conspire[d] with others . . . to commit a continuing series of crimes which constitute a pattern of racketeering activity under the provisions of N.J.S.A. 2C:4l-l, contrary to the provisions of N.J.S.A. 2C:33-30."

During the jury charge conference, defendant objected to count four of the indictment, arguing that N.J.S.A. 2C:41-1's "pattern of racketeering activity," was not a predicate offense of N.J.S.A. 2C:33-30. The trial court agreed, but instead of striking that count, it amended the indictment by incorporating offenses relevant to the racketeering charge as predicate offenses to count four's promoting charge. The trial court reasoned that defendant was on notice of those offenses based on their inclusion elsewhere in the indictment and that these offenses were also predicate offenses of the promoting statute. Thus, as to count four, the trial court instructed the jury in part that the State must prove "[t]hat the purpose of <u>the conspiracy</u> was <u>to commit the crime of</u> conspiracy to commit murder and/or aggravated assault and/or <u>conspiracy to distribute a controlled dangerous substance</u>." (emphases added).

The jury returned guilty verdicts on four counts, including the promoting charge. According to the verdict sheet, the jury found defendant guilty of conspiracy to distribute CDS as the predicate offense of promoting. At sentencing, defendant unsuccessfully renewed his challenge to count four and the jury charge.

1

The Appellate Division affirmed. The Court granted defendant's petition for certification. 253 N.J. 404 (2023).

**HELD:** Conspiracy to distribute CDS is not an enumerated predicate offense of the promoting statute, N.J.S.A. 2C:33-30, and defendant's conviction for a crime that does not exist must be vacated.

1. N.J.S.A. 2C:33-30(a) provides in relevant part that "[a] person promotes organized street crime if he conspires with others . . . to commit any crime specified in" one of several enumerated chapters of Title 2C of the New Jersey statutes or one of the additional statutes listed from chapters 34 and 39 of Title 2C. To prove "promoting," the State must prove beyond a reasonable doubt the accused conspired to commit at least one offense on that specific list of predicate offenses. Conspicuously absent from that list is the substantive offense of conspiracy pursuant to N.J.S.A. 2C:5-2. The offense of conspiracy is not listed as a predicate offense itself, nor is it specified within any of the enumerated chapters as a predicate offense of the promoting statute. The jury instruction in this case thus erroneously departed from the list of permissible predicate offenses in N.J.S.A. 2C:33-30(a) and erroneously opened to the jury the possibility of convicting defendant for conspiracy to conspire to distribute CDS, a crime that does not exist because conspiracy to distribute CDS is not a predicate offense under the promoting statute. (pp.13-15)

2. If the party contesting the jury instruction fails to object to it at trial, the standard on appeal is one of plain error; if the party objects, the review is for harmless error. Defendant raised an objection to the now-challenged jury instruction at various points leading up to, during, and through the end of the trial. The issue was properly preserved, thus the Court reviews for harmless error. (pp. 15-19)

3. Defendant was convicted and sentenced based upon a charge that does not exist within the criminal code. Such a result is not harmless, but rather unjust. The jury's verdict, premised upon the instructions provided by the trial court, is legally invalid. Because defendant was not on notice of any other proper predicate offense for the promoting statute under count four of the indictment, the jury's verdict on that count is vacated without a remand. The Court does not reach the question as to whether a double inchoate crime may exist within New Jersey's criminal code. (pp. 19-20)

**REVERSED. The jury's verdict on the promoting count is VACATED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and FASCIALE join in JUSTICE NORIEGA's opinion.**

SUPREME COURT OF NEW JERSEY
A-35 September Term 2022
087742

State of New Jersey,

Plaintiff-Respondent,

v.

Kalil Cooper, a/k/a Kalil M. Cooper
and Khalil Cooper,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| September 27, 2023 | March 27, 2024 |

Stephen W. Kirsch, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stephen W. Kirsch, on the briefs).

Appellant filed a supplemental brief on his own behalf.

Milton S. Leibowitz, Assistant Prosecutor, argued the cause for respondent (William A. Daniel, Union County Prosecutor, attorney; Milton S. Leibowitz, of counsel and on the briefs, and Michele C. Buckley, Assistant Prosecutor, on the briefs).

Jennifer O. Farina argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (McCarter & English, attorneys; Jennifer O. Farina, of counsel and on the brief).

1

This Court is called upon to review defendant Kalil Cooper's conviction for promoting organized street crime, pursuant to N.J.S.A. 2C:33-30, and to determine whether the statute contains within it, as a predicate offense, the crime of conspiracy to distribute a controlled dangerous substance (CDS), pursuant to N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5.

Defendant was charged in a twenty-eight-count indictment, alongside several co-defendants. Individually, defendant was charged in twelve separate counts, three of which are relevant to this appeal: two counts of racketeering and conspiracy to commit racketeering, in violation of N.J.S.A. 2C:41-1, and one count of promoting organized street crime in violation of N.J.S.A. 2C:33-30 (promoting). The promoting count charged that defendant "purposefully conspire[d] with others . . . to commit a continuing series of crimes which constitute a pattern of racketeering activity under the provisions of N.J.S.A. 2C:4l-l, contrary to the provisions of N.J.S.A. 2C:33-30."

During the jury charge conference, defendant objected to count four of the indictment, arguing that N.J.S.A. 2C:41-1's "pattern of racketeering activity," was not a predicate offense of N.J.S.A. 2C:33-30. The trial court agreed, but instead of striking that count, it amended the indictment by

incorporating offenses relevant to count three's racketeering charge as predicate offenses to count four's promoting charge. The trial court reasoned that defendant was on notice of those offenses based on their inclusion elsewhere in the indictment and, critical here, that these offenses were also predicate offenses of the promoting statute pursuant to N.J.S.A. 2C:33-30. The Appellate Division affirmed the trial court's interpretation of the statute.

For the reasons set forth below, we hold that decision was incorrect. Conspiracy to distribute CDS is not an enumerated predicate offense of the promoting statute, N.J.S.A. 2C:33-30. We therefore reverse the Appellate Division's judgment and vacate defendant's conviction on count four.

I.

Defendant was arrested at the end of a month-long wiretap investigation into the activities of a local gang believed to operate in Elizabeth, known as the Grape Street Crips. Defendant was targeted in the investigation as one of the possible "leaders" of the organization. The investigation produced hundreds of hours of phone call recordings, along with text messages, in addition to evidence from police witnesses, all supporting the theory that the targets of the investigation were operating as a gang. As it pertained to defendant, the investigation revealed numerous calls between defendant and

3

others regarding the alleged purchase and sale of heroin and cocaine, usually discussed in code.

A Union County grand jury returned a twenty-eight-count indictment against all defendants. Defendant was charged with twelve counts including first-degree racketeering and conspiracy to commit racketeering N.J.S.A. 2C:41-2(c) and (d) (counts one and three, respectively); first-degree promoting organized street crime, N.J.S.A. 2C:33-30(a) (count four); second-degree conspiracy as a leader of organized crime; first-degree conspiracy to commit murder; third-degree aggravated assault; and numerous drug and weapons offenses.

Count four of the indictment charged defendant with promoting organized street crime by

> purposefully conspir[ing] with others as an organizer, supervisor, manager or financier to commit a continuing series of crimes which constitute a pattern of racketeering activity under the provisions of N.J.S.A. 2C:41-1, contrary to the provisions of N.J.S.A. 2C:33-30.

At trial, the State produced a police officer who testified to seeing a hand-to-hand drug transaction that had been arranged on a phone call police intercepted during their surveillance. The State also presented evidence from the search of defendant's home, where an assortment of items commonly

4

associated with the sale of narcotics was recovered, as well as plastic bags containing heroin residue and a plastic bag containing 3.806 grams of cocaine.

The trial court held a jury charge conference on February 25, 2019. The court provided the parties with advance copies of the proposed jury instructions and offered defendant an opportunity to note objections to the jury charge that had been raised in earlier off-the-record discussions. Relevant to this matter, defendant objected to the jury instructions concerning count four of the indictment -- first-degree promoting organized street crime. Defendant argued that the language of the indictment departed from the statute and that the jury charge reflected that error.

The court agreed with defendant's objection, and the State conceded that the inclusion of "pattern of racketeering activity" in the indictment was legally incorrect. The court attempted to remove any confusion for the jury and comply with the statute. It looked elsewhere in the indictment and found that in count three the State alleged three crimes that were examples of a "pattern of racketeering activity"; the court held that those alleged offenses were also suitable enumerated predicate offenses of promoting pursuant to N.J.S.A. 2C:33-30. Although the charges in count three were referred to as a group, the actual charges that would be listed in the jury charge were not mentioned by name on the record at that time.

5

Regarding count four, the trial court instructed the jury as follows:

> The relevant section of our statute reads in pertinent part . . . that:
>
> A person promotes organized street crime if he <u>conspires with</u> others as an organizer, supervisor or manager or financier <u>to commit the certain crimes including conspiracy to commit murder, aggravated assault and conspiracy to distribute a controlled dangerous substance.</u>
>
> In order to convict the defendant of this charge, the State must prove each of the following elements beyond a reasonable doubt:
>
> 1. That defendant purposely conspired with two or more persons.
>
> 2. <u>That the purpose of the conspiracy was to commit the crime of</u> conspiracy to commit murder and/or aggravated assault <u>and/or conspiracy to distribute a controlled dangerous substance</u>.
>
> 3. That within that conspiracy, defendant was financier, organizer, supervisor or manager.
>
> The first element that the State must prove beyond a reasonable doubt is that the defendant purposely conspired with two or more persons.
>
> I previously charged you on conspiracy.
>
> The second element the State must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit the crime of conspiracy to commit murder and/or aggravated assault and/or conspiracy to distribute a controlled dangerous substance, which must be proven beyond a reasonable doubt.

6

> In this case the State alleges that defendant conspired to commit the crimes of conspiracy to commit murder and/or aggravated assault and/or conspiracy to distribute a controlled substance. The State must prove beyond a reasonable doubt that defendant conspired to commit one of these crimes. You must unanimously agree about the crime or crimes defendant conspired to commit . . . .
>
> [(emphases added).]

In a previous charge, the court instructed the jury on conspiracy as follows:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he:
>
> 1. Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> 2. Agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

The court also noted that conspiracy "is a crime in itself separate and distinct" from the crime that is the object of the conspiracy. That is, "a defendant may be found guilty of the crime of conspiracy regardless of whether that defendant is guilty or not guilty of the" underlying crime.

The jury returned guilty verdicts on four counts: second-degree promoting, simple assault, and two drug offenses. The jury acquitted defendant of all other charges. As to the promoting charge, the verdict sheet

7

instructed the jury that if they found defendant guilty of promoting, they were to continue to decide upon which predicate offense they were basing their decision. According to the jury verdict sheet, the jury found defendant not guilty of conspiracy to commit murder, not guilty of aggravated assault, but guilty of conspiracy to distribute CDS as a predicate offense of promoting.

At sentencing, defendant moved for a new trial, renewing his challenge to count four of the indictment and the jury charge. Defendant again argued that it was improper to combine the racketeering statute with the promoting statute in that count. Defendant contended that the promoting statute contained specific enumerated predicate crimes, of which N.J.S.A. 2C:41-1 was not one. Defendant also claimed that N.J.S.A. 2C:5-2(g) -- leader of organized crime -- is not part of N.J.S.A. 2C:33-30.[1]

The trial court denied the motion, relying on its earlier ruling that defendant was on notice of the three predicate offenses because of their inclusion in other counts of the indictment. The court was satisfied that "the jury did find beyond a reasonable doubt the predicate offense" of "conspiracy

---

[1] N.J.S.A. 2C:5-2(g) is a subsection of the conspiracy statute which defines a leader of organized crime as a person who purposefully conspires with others as an organizer, supervisor, manager, or financier to commit a continuing series of crimes which constitute a pattern of racketeering activity under the provisions of N.J.S. 2C:41-1. Nowhere in this statute is there any reference to N.J.S.A. 2C:33-30.

to distribute CDS, which is consistent with the remainder of the verdict." Finding no manifest denial of justice, the court denied defendant's motion and proceeded to sentence him.

Defendant received a six-year term of imprisonment with a three-year period of parole ineligibility on count twenty-three (conspiracy to distribute CDS), concurrent to a five-year term of imprisonment on count eleven (possession of CDS), and concurrent to a six-month period of incarceration on count seven (simple assault). The court also sentenced defendant to ten years' imprisonment with a five-year period of parole ineligibility on count four (promoting), to be served consecutive to counts twenty-three, seven, and eleven, resulting in an aggregate sentence of sixteen years' imprisonment with an eight-year parole disqualifier.

Defendant appealed his conviction of the promoting offense. In an unpublished decision, the Appellate Division agreed that count four was legally incorrect but concluded, like the trial court, that defendant was on notice of the other offenses the State alleged elsewhere in the indictment, such as various drug offenses, aggravated assault, and conspiracy to commit murder. The Appellate Division therefore found defendant was unable to demonstrate he was prejudiced because he was fully able to provide a defense as to each offense. The Appellate Division affirmed defendant's conviction of

promoting, ultimately concluding that N.J.S.A. 2C:33-30 specifically prohibits "conspiracy to commit a wide range of chapters and wide range of offenses, including conspiracy to distribute CDS."  (emphasis added).

We granted defendant's petition for certification.  253 N.J. 404 (2023). We also granted leave to appear as amicus curiae to the Association of Criminal Defense Lawyers of New Jersey (ACDL).

II.

Defendant asks this Court to reverse his conviction of promoting under count four of the indictment, arguing that conspiracy to distribute CDS is not a predicate offense of promoting, and the trial court should not have instructed the jury as such.  First, defendant contends that conspiracy, N.J.S.A. 2C:5-2, is not listed as a predicate offense in the promoting statute, and that New Jersey courts have repeatedly found that when a statute enumerates predicate crimes, that list is deemed to be exclusive.  Second, defendant underscores that "promoting" under N.J.S.A. 2C:33-30, is a conspiracy offense itself. Defendant thus reasons that to include a conspiracy offense as a predicate offense to promoting would require the notion of a conspiracy to conspire, which is not a recognized offense under New Jersey criminal law.

The ACDL likewise argues that a plain reading of the promoting statute establishes that conspiracy, pursuant to N.J.S.A. 2C:5-2 is not an enumerated

offense and that the Court should reject the "double inchoate crime" of conspiracy to conspire.

The State argues that defendant's conviction should be affirmed because any error in the jury instruction was incapable of producing an unjust result. Conceding that conspiracy to distribute CDS is not a predicate offense under the promoting statute, the State asserts that any reference to conspiracy was harmless. According to the State, the jury instructions did not expand defendant's culpability nor diminish proofs that the State needed to establish defendant's guilt. The State thus argues that, even though conspiracy pursuant to N.J.S.A. 2C:5-2 is not listed as an enumerated offense in N.J.S.A. 2C:33-30, it is encompassed within the meaning of the statute. The State relies on the Appellate Division's finding that the promoting statute includes conspiracy to distribute CDS and thus the trial court properly instructed the jury.

The State contends, in essence, that the conspiracy referenced in the promoting statute is ongoing and continues throughout the underlying offense, such that the mention of another conspiracy is superfluous or a "stutter" but not meaningful. The State also contends that defendant failed to preserve this issue by not fully articulating the argument raised on appeal and that the Court should review this issue under the plain error standard.

11

## III.

The trial court's ruling that conspiracy to distribute CDS contrary to N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5 is a predicate offense of promoting under N.J.S.A. 2C:33-30 is a legal determination that we review de novo, without deference to the trial court or Appellate Division's interpretive legal conclusions. See Fowler v. Akzo Nobel Chems. Inc., 251 N.J. 300, 323 (2022); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In reviewing N.J.S.A. 2C:33-30, we "ascribe[] to the statutory words their ordinary meaning and significance and read[] them in context with related provisions so as to give sense to the legislation as a whole." W.S. v. Hildreth, 252 N.J. 506, 518 (2023) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). If the language is clear, the Court need not look beyond the text to determine its meaning. Ibid. "Statutes must be read in their entirety," with "'each part or section . . . construed in connection with every other part or section to provide a harmonious whole.'" Id. at 519 (quoting In re Civ. Commitment of W.W., 245 N.J. 438, 449 (2021)). The "[C]ourt may neither rewrite a plainly-written enactment of the Legislature nor presume that the Legislature intended something other than that expressed by way of the plain language." Ibid. (quoting O'Connell v. State, 171 N.J. 484, 488 (2002)). And

12

when "the Legislature has carefully employed a term in one place yet excluded it in another, it should not be implied where excluded." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 234 (1998).

A.

With those principles in mind, we first consider whether the jury charge departed impermissibly from the plain language of the promoting statute, N.J.S.A. 2C:33-30(a), which provides as follows:

> A person promotes organized street crime if he conspires with others as an organizer, supervisor, financier or manager to commit any crime specified in chapters 11 through 18, 20, 33, 35, or 37 of Title 2C of the New Jersey Statutes; N.J.S.A. 2C:34-1; N.J.S.A. 2C:39-3; N.J.SA. 2C:39-4; section 1 [N.J.S.A. 2C:39-4.1]; N.J.S.A. 2C:39-5; or N.J.S.A. 2C:39-9.

The promoting statute sets forth a conspiracy offense. A person may be guilty of the offense only if the State proves beyond a reasonable doubt that such a person has conspired with others to promote organized street crime, in the capacity of an organizer, supervisor, financier or manager, with the goal of committing any of the specified predicate offenses. Thus, to prove "promoting," the State must also prove beyond a reasonable doubt the accused conspired to commit at least one offense on the list of predicate offenses. Ibid. That list includes any offenses from Chapters 11 through 18 of the Criminal Code (homicide, assault, kidnapping, sex offenses, robbery, bias offenses,

13

arson, burglary); any offenses from Chapters 20 (theft), 33 (riot, disorderly conduct, related offenses), 35 (controlled dangerous substances), and 37 (gambling offenses) of the Code; and a specific offense or offenses within Chapters 34 (public indecency) and 39 (firearms, other dangerous weapons offenses) of the Code, to the exclusion of the other offenses within Chapters 34 and 39.

Conspicuously absent from the list of predicate offenses is the substantive offense of conspiracy pursuant to N.J.S.A. 2C:5-2.  The offense of conspiracy is not listed as a predicate offense itself, nor is it specified within any of the enumerated chapters as a predicate offense of the promoting statute. The jury instruction in this case thus erroneously departed from the list of permissible predicate offenses in N.J.S.A. 2C:33-30(a).

The State argues that the additional "conspiracy" language was merely superfluous and did not amplify the meaning of the charge or the jury instruction -- essentially "a stutter in which the word . . . conspiracy was repeated twice, rather than once."  Moreover, the State argues, because promoting is a conspiratorial offense any additional mention of conspiracy regarding a predicate simply refers to the ongoing nature of the conspiracy.

That argument fails because the State asks that we presume the jury skipped over or ignored relevant, synonymous words in the jury instruction.

14

"A charge is a road map to guide the jury, and without an appropriate charge a jury can take a wrong turn in its deliberations . . . . [T]he court must explain the controlling legal principles and the questions the jury is to decide." Das v. Thani, 171 N.J. 518, 527 (2002) (alteration and omission in original) (quoting State v. Martin, 119 N.J. 2, 15 (1990)). One of the foundations of our jury system is the presumption that jurors listen to and are guided by the court's instructions as they judge the facts of a case to determine guilt. State v. Bey, 112 N.J. 45, 82 (1988) (recognizing "the general presumption that jurors act in good faith and seek to comply with the court's instructions"). Words that inform a juror's understanding of the elements of an offense cannot be meaningless. Here, the court's words -- that the State must prove "[t]hat the purpose of the conspiracy was to commit the crime of conspiracy to commit murder and/or aggravated assault and/or conspiracy to distribute a controlled dangerous substance" (emphases added) -- erroneously opened to the jury the possibility of convicting defendant for conspiracy to conspire to distribute CDS, a crime that does not exist because conspiracy to distribute CDS is not a predicate offense under the promoting statute.

## B.

We now must consider the consequences of that error. "The proper standards of review of jury instructions are well-settled: if the party contesting

15

the instruction fails to object to it at trial, the standard on appeal is one of plain error; if the party objects, the review is for harmless error." Willner v. Vertical Reality, Inc., 235 N.J. 65, 80 (2018). To show that an error was not harmless, the proponent of the objection must establish "some degree of possibility that [the error] led to an unjust result." State v. Baum, 224 N.J. 147, 159 (2016) (alteration in original) (quoting State v. Lazo, 209 N.J. 9, 26 (2012)). "The possibility must be real, one sufficient to raise a reasonable doubt as to whether [the error] led the jury to a verdict it otherwise might not have reached." Ibid. (quoting Lazo, 209 N.J. at 26).

"[A]ppropriate and proper [jury instructions] are essential for a fair trial." Baum, 224 N.J. at 158-59 (quoting State v. Reddish, 181 N.J. 553, 613 (2004)); accord State v. Green, 86 N.J. 281, 287 (1981). A trial court has an "independent duty . . . to ensure that the jurors receive accurate instructions on the law as it pertains to the facts and issues of each case, irrespective of the particular language suggested by either party." Reddish, 181 N.J. at 613. Indeed, so critical are these instructions that failures to provide accurate instructions on material issues "are presumed to be reversible error." State v. Jordan, 147 N.J. 409, 422 (1997); State v. McKinney, 223 N.J. 475, 495 (2015) ("[E]rroneous instructions on material points are presumed to possess the

16

capacity to unfairly prejudice the defendant."  (internal quotation marks omitted) (quoting State v. Bunch, 180 N.J. 534, 541-42 (2004))).

"[C]learly erroneous instructions usually are considered 'poor candidates for rehabilitation under the harmless error philosophy.'"  State v. Feaster, 156 N.J. 1, 45 (1998) (quoting State v. Brown, 138 N.J. 481, 522 (1994)).  But a party who fails to properly object to an infirm jury instruction leaves the court constrained to review for plain error, whereby even a confirmed error may be reversed only if it is "clearly capable of producing an unjust result."  State v. Montalvo, 229 N.J. 300, 320-21 (2017) (quoting R. 2:10-2).

Preserving an issue for appeal pursuant to Rule 1:7-2 requires that "'a party . . . make known to the court specifically the action which the party desires the court to take or the party's objection to the action taken and the grounds therefor.'  Such an objection may be offered 'in open court, in the absence of the jury.'"  Willner, 235 N.J. at 79 (quoting R. 1:7-2).

Here, the State argues that defendant failed to preserve the challenge to count four and that the court's instruction should therefore not be reversed because it did not constitute plain error.  We consider each argument in turn.

1.

In his initial objection at the jury charge conference defendant raised the irregularity in count four where "pattern of racketeering activity" under the

17

provisions of N.J.S.A. 2C:41-1 was incorrectly listed as a predicate offense for a conviction of promoting contrary to N.J.S.A. 2C:33-30. The trial court amended the indictment over defendant's objection, under its authority found in Rule 3:7-4. The court replaced the language "pattern of racketeering activity" in count four with the substantive charges that were listed in count three of the indictment as the predicate offenses for "pattern of racketeering activity" under N.J.S.A. 2C:41-2(d), namely: conspiracy to commit murder, aggravated assault, and conspiracy to distribute a controlled substance. Essentially, the court determined that the same offenses that could serve as the predicates to a racketeering charge served as the predicates to a promoting charge, notwithstanding the separate list of predicate offenses within the promoting charge itself.

During the motion for a new trial argued prior to sentencing, defendant once again objected to the jury charges and argued that the error began in the indictment, where defendant was "mischarged," and that defendant was prejudiced when the court amended the indictment. Although an objection alone does not adequately preserve an issue for appeal under Rule 1:7-2, defendant did more than merely voice a general objection. Defendant clearly raised an objection to the now-challenged jury instruction at various points leading up to, during, and through the end of the trial. Our law does not

require that objections be precisely identical to the issues raised on appeal to avoid plain error review.  See State v. Ramirez, 462 N.J. Super. 1, 18 (App. Div. 2019) (finding harmless error applicable because the defendants "repeatedly objected to the charge, albeit not precisely on the grounds . . . enunciated" on appeal), rev'd on other grounds, 246 N.J. 61 (2021).

Based on the objections raised, and defendant's attempts to alert the court regarding the inconsistency between the indictment and the relevant statute, we hold that the issue was properly preserved.  We therefore review the matter for harmless error.

2.

Errors that have the capacity to affect material issues in the "jury's deliberation are presumed to be reversible in criminal prosecutions."  Jordan, 147 N.J. at 422; State v. Warren, 104 N.J. 571, 579 (1986).  We have previously held that jury instructions in criminal trials are critical, as someone's liberty is at stake.  State v. Green, 86 N.J. 281, 289 (1981).  An error cannot be harmless if there is "some degree of possibility that [the error] led to an unjust result."  Lazo, 209 N.J. at 26 (alteration in original) (quoting State v. R.B., 183 N.J. 308, 330 (2005)).

Here, as the jury's verdict sheet plainly reveals, defendant was convicted and sentenced based upon a charge that does not exist within our criminal

code. Such a result is not harmless, but rather unjust. The jury abided by its oath and discharged its responsibility faithfully by finding defendant guilty of conspiring as a financier, organizer, supervisor, or manager, to enter a conspiracy to distribute CDS, based on the jury instructions provided. But, because no such crime exists, the jury's verdict, premised upon the instructions provided by the trial court, is legally invalid. This, we find, is a manifest injustice. Defendant's sentence cannot be based upon a nonexistent crime.

## IV.

For those reasons, we reverse the judgment of the Appellate Division. The jury acquitted defendant of the remaining two predicate offenses. Because defendant was not on notice of any other proper predicate offense for the promoting statute under count four of the indictment, the jury's verdict on that count is vacated without a remand.[2] The Court does not reach the question raised by defendant and amicus ACDL as to whether a double inchoate crime may exist within New Jersey's criminal code.

CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and FASCIALE join in JUSTICE NORIEGA's opinion.

---

[2] According to representations by counsel, defendant has been released from prison. To the extent he may continue to be subject to any restrictions arising from his conviction on count four, we vacate those restrictions.

20